The next argument is in United States v. Little. We'll hear first from Mr. Culp. Thank you. May it please the court, Robert Culp, assigned counsel for the appellant Michael Little. I was not involved in the trial proceedings. I will only be able to cover a few points in argument and point one in particular is the point I want to focus on, although I would like to touch on points four and eight if time permitting. All the points are pressed for the reasons stated in the briefs. Rather than get distracted by such matters as Mr. Little's personal income taxes, this case could have been and should have been limited to the much disputed claim that in 2001, Little agreed to assist the children of Harry Segerman to avoid estate income taxes on funds in foreign accounts. That issue involving the Segerman children was tried on a count that was constructively amended at trial. Count nine was a three-pronged conspiracy charge limited to the Segerman children conspiracy allegations, but both the government and its summation and the district court in its charge told the jury that prongs two and three in particular could be satisfied by proof on the very different charges in counts 10-19 concerning the alleged filing of false 3520 returns in 2010-2012 relating to this issue of trust versus gift payments. The government claims these references were to the elements of the false statement charges in counts 10-19 rather than to the charges themselves, but if you look at the government and the court, that is not true. In the government's summation, in describing count nine as a conspiracy count, the prosecutor specifically referred to filing false 3520s as embraced within that conspiracy charge even though those were the only at issue on the other counts, 10-19. The court in its charge did not cross-reference elements but told the jury that the third object of the conspiracy was, quote, the crime charged in counts 10-19. And as to object two, the court unmistakably referred to those counts when it stated a tax return may also be false as a result of falsification of the nature or source of the funds reported on that return, such as falsely claiming transfers of funds were gifts when in issue on counts 10-19. Okay. Now, am I correct, though, that there was no objection, either to the charge or to the summation? So this is plain error review, correct? This is plain error review, absolutely. There's a different constructive amendment argument we make where there was an objection, but on this one, there was no objection, Your Honor. Thank you. The references I just made created an unacceptable risk that the jury might convict the jury, the defendant, of a crime materially different than the one alleged in the indictment. Under the plain error test, the jury was plainly and erroneously invited to do that. And I just want to point out, emphasize, since we are talking about plain error, that this court has said relating to prejudice, that prejudice is per se related to constructive amendment of the indictment. Well, Mr. Culp, let me go back to the, I guess, point two of the question of error, whether the error was clear and obvious. You're saying that the government's interpretation of the jury instruction is not simply wrong. That is that we can certainly, if it had been objected to, we could certainly read, it seems to me, the judge's instruction as having been erroneous, but is so clearly right, could not be read. The jury couldn't read it the way the government now says it should be read as a reference to the element. That's what you have to establish, though, to win here, right? Yes. Yes, exactly. That's my point. Because if there had been an objection, it would have been very easy to clear this up, right? If someone had said at the time, no, that's not what the third object of the conspiracy in the indictment talks about. And the judge would either have said, oh, it isn't? Well, what do you suggest? Or the judge might have said, well, I didn't mean to suggest the way you read this. I meant just to refer to the well, if that's what you want to say, say it. And here's some language you could use. This would have gone away as an issue. But no one did that. And it was left hanging with some ambiguity. There was no objection, Your Honor. I can't disagree with you that if there had been an objection, it might have been cleared up. But I do think this clearly satisfies the plain error test. It was plain. I don't know how the jury could have taken these comments any other way. The comments are not what the government says that, oh, it's just cross-referencing the elements. That's not true. The judge referred to the issue of gifts. The prosecutor in his summation referred to filing false 3520s. There's no 3520 issue on count nine. That's counts 10 through 19. And if I could embellish a little bit further, count nine involved allegations going the whole way back to 2001. Now, Mr. Little doesn't have to show prejudice, but it's worth pointing out that that was very much disputed and dated charges 17 years old between then and when the case was tried. And these comments gave the jury an easy way out to ignore. Oh, and two of the Segerman children, in some respects, supported Mr. Little's position that he was not involved in these charges back in 2001. But the jury was because we can convict on this other stuff, these 3520 form issue, whether it was a gift or a trust payment. So I think that was prejudice, even though Mr. Little doesn't have to show that. I'd also like to point out on this issue, the government said, well, it's a three-prong conspiracy. And maybe the jury convicted on prong one, for example, which did not involve these constructive amendment issues. But the case they cite, which is Denoyer's, I believe, that has to do with issues of sufficiency on a multi-prong conspiracy. This is not a sufficiency And Mr. Culp, just to follow up on this, if we agree with you on this point, the consequence would be a reversal as to count nine. Correct. And this would hardly affect the imprisonment sentence, which I guess doesn't matter anyway, because Mr. Little's already served that time. But it would affect the restitution obligation significantly. Isn't that what's really at issue here? Exactly, Your Honor. Mr. Little has served his sentence. But it does affect restitution because Mr. Little has been directed to... I don't have the exact figure in my head right now, but I believe it's over $4 million restitution joint and severally with the four Segerman children. Of course, the district court, am I mistaken that if there was a remand for resentencing in light of the vacatur of count nine, if we went that way, then the judge would be able to impose a restitution obligation under some of the other counts, but only as a condition of supervised release. Right. If I understood your question correctly, Your Honor, there's two components to restitution. This is 0.8, which I might as well jump to with you. So there's the restitution related to the Segermans, which we were just discussing. And then there's restitution that's ordered also on Mr. Little's willful failure to file counts. And as pointed out in 0.8, they fall under different authorities because the district court was misinformed that the willful failure to file restitution fell under the MVRA, but it does not. Right, it doesn't. And so if that is remanded, then but but if I have to count nine for the moment, if that count is vacated, and I suppose also if the if you're right on the other point, and that restitution obligation gets vacated, the only real consequence in most of these cases is that I've seen this a lot when people have very long prison sentences, that the mandatory restitution can take place immediately and money can be taken from their prison account and stuff like that. But then if that's vacated, the district court typically will go back and impose the restitution obligation as a condition of supervised release. And then the defendant has to pay it in installments while he's on supervised release. But that would be available as a part of sentence for various of these counts, including with respect to the Segerman money, right? Or maybe I can see that, but that would at least be something that the court the government could seek and the court would consider. Oh, I, Your Honor, I, I wouldn't concede that if if count nine has been vacated. That's the only count that relates to the to the Segerman children. I think you're asking me if the court could impose restitution on that count, even if it's been vacated. No, no, no, no, no. On other counts, if there were other counts that real, I thought, and I may be misinformed or misunderstanding that there was were other counts that related to the Segerman. Oh, for example, what about counts 10 to 19? Counts 10 to 19 are those those counts that were improperly referenced. Right, exactly. But so count nine is gone now. And on your argument that you've made so far, counts 10 to 19, you have arguments about those two. But unless those counts are overturned, would the government not be able to seek restitution because those counts contributed to the government's inability to properly collect estate taxes from the Segerman children? I don't concede that, Your Honor. I don't think that that the restitution order was as to the Segerman children was premised on those counts. Those counts relate to the mother and Segerman's filings, whether these payments that she received over the years were trust or gifts. Okay. So it may or may not. The government may try to make arguments and you would have answers to those arguments if this issue came up on resentencing. Our position definitely is that the restitution issue should be remanded. And maybe you've added an issue to be discussed, but we don't agree with the government with respect to the willful failure to file restitution that the court should just modify it on appeal. No, no, that's a whole other separate issue. But even but you do agree your argument is with respect to that restitution obligation that it should go back to the district court and the district court should decide whether to impose it or not. Right, right. Got it. Okay. I understand your position now. Thank you. Okay, sure. Thank you, counsel. We'll hear next from the government. May it please the court. My name is Dina McLeod. I'm an assistant United States attorney in the Southern District of New York. I represent the government on appeal and I represented the government at trial as well. And I'd like to just jump right in and respond to some of Mr. Culp's points as to the constructive amendment on count nine. I want to clarify a couple of factual issues. One of the things that that the appellant claimed was that there was no reason in government summation to note any anything factual about the filing of the form 3520 as part of the count nine conspiracy because the form 3520 issue was not part of count nine. That is not correct. The first object of count nine is a is a defrauding and defrauding the IRS. It's essentially the same sort of language that's used in count one. But all of us to say is that that conspiracy does in fact encompass the fall, the filing of the false form 30 to 20. And that also sort of leads me to my next point of clarification. Towards the end of Mr. Culp's argument there, he was asked whether or not there were other counts other than count nine that involved a segment conspiracy. For example, count 10 to 19. Mr. Culp answered in the negative. However, that is inaccurate as well. And again, I would just point again to the indictment itself, which is a speaking indictment. Count one deals specifically with the segment conspiracy. Count one is a title 26 count, but it deals, frankly, set forth the entire sort of factual basis for the segment conspiracy and itself. And those counts of count one are then incorporated in all of the subsequent counts, including count nine and including count 10 through 19, which the government considered and argued at trial that count 10 through 19 were part of the conspiracy. Well, that's that's true, Ms. McQuade. But the during the summation, I think the thing that Mr. Culp is referring to is the following statement. The ninth count is a conspiracy count to defraud the IRS, which he helped the Segerman's conceal their inheritance, secretly bringing their money into the US and falsely filing an estate tax return for Harry Segerman and filing false 3520s. So the reference to 3520s is explicitly tied to the ninth count, right? Yeah, no, I'm sorry. Perhaps I wasn't clear. My point was that the filing of the false form 3520 is included in the count nine conspiracy as part of the first object. The first object. It's the second and third object. However, there's a first object which does encompass the filing of the false form 3520 and which the government summation is not tabbed into a particular object. I don't believe the AUSA said specifically as to this object. He was just talking about the form 3520. And that's because the first object of count nine does encompass the filing of the false form 3520. So I think those were the main points of clarification I had as to count nine constructive amendments. I'm happy to take questions about any of the other issues in the case. If there are no further questions, however, we would rest on our submission. Okay, thank you, counsel. Mr. Culp, I believe you have two minutes reserved. Yeah, just to clarify on my answer to the comment that was made by the government just now is what Judge Lynch said, which is when you read these comments in context, they're clearly referring to count 10 to 19, especially if you read them together, because the very next sentence from when the government summation cross references the 3520s to those counts. Now that last sentence in isolation is not inaccurate because count 10 to 19 are about the false 3520 forms. That's true. But when you read that together with the sentence beforehand, where the same counsel says that count nine is also about these 3520s, I don't know how the jury could get any other impression than that. Okay, this count nine, we can convict him if we convict on counts 10 to 19. Yes, but Mr. Culp, I'm not expressing agreement with it. But the government's response was that the 3520s are relevant, and the jury could convict on count nine, according to her, under the first object of the conspiracy. That was her argument. She's saying that putting aside the instructional issue, which is about defining the third object, the government's summation was talking in general about what count nine was about. She maintains that that's accurate because the 3520s are relevant to the first object. I think that may be wrong, but if it's wrong, it would have to be because she's wrong that the 3520s are relevant to the first object of the count nine conspiracy. Two responses to that. First, I'm also reading the court's comments together with the government's comments. But even on that last point, Your Honor, this gets into the Griffin issue where the government says, well, it's okay. They could have convicted under the first prong of the conspiracy. But we don't know on what basis the jury, there was no special verdict here. And I get that. And I get your argument about the jury instructions. I think that the government was simply defending its summation and saying that its summation is not tying the 3520s to the third object of the conspiracy. Now, that may or may not matter. I think that's a defense of whether the government was improperly expanding or constructively amending the indictment charge. But I think in any event, your principal argument relates to the judge's instructions. Both, Your Honor, I understand what the government's saying here, but I think the government was I'm not saying this was deliberate or anything. It may have been careless, but I think the government's statements gave this jury the absolute impression or to cite the case law, an unacceptable risk that the jury would go to those charges, 10 to 19, especially when you read the government's summation together with what the judge said. And just a reminder that this was a case where the judge charged the jury before summations, not after. So the government's more or less the last word on the topic. I had hoped to get to point four, but I believe I'm well over now. So I would just rest on the briefs as to all the remaining arguments and thank the court for its time. Thank you, counsel. We'll take the case under advisement.